# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### May 2, 2001 Session

## STATE OF TENNESSEE v. WALTER LEE ALLEN

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Jefferson County**
**No. 6259    Ben W. Hooper, II, Judge**

---

**No. E1998-00416-SC-R11-CD - Filed February 22, 2002**

---

ADOLPHO A. BIRCH, JR., J. dissenting.

The record in this case indicates that the defendant "stood watch" at the doorway of a small convenience store while his accomplice robbed the clerk. On these facts, the majority holds that the trial court erred reversibly in failing to instruct the jury regarding the offense of facilitation. Because the defendant was present at the scene, aiding the principal offender, and ready to render further assistance if necessary, it would be illogical, in my view, to hold that he could have possessed any intent less than that required under the criminal responsibility statute: the intent to promote, assist, or benefit from the proceeds of the offense. Thus, he could have been convicted of aggravated robbery, robbery, or acquitted. Under this view, the evidence supports neither facilitation nor an instruction on facilitation; thus, I respectfully dissent.

The elements of the facilitation statute require proof that "knowing that another intends to commit a specific felony, but *without the intent required for criminal responsibility* . . . the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403 (1997)(emphasis added). The above evidentiary requirements may readily be met when "substantial assistance" is rendered by one not present during the commission of the offense. Under such circumstances, I would have no hesitation applying the statute.

On the other hand, where, as in the case under submission, the so-called facilitator knows that another intends to commit a felony, knowingly furnishes substantial assistance, and <u>does so at the scene of the crime simultaneously with its commission</u>, I can conceive of no results other than the so-called facilitator's guilt as a principal offender for his own conduct, or his innocence. Expressed in a different way, how could Allen, knowing that his accomplice was committing a robbery, assist by blocking the entrance to the store but yet not share the accomplice's intent to commit robbery?

The majority view in this case is quite perplexing. In large part it is dictated by the holding in State v. Flemming, 19 S.W.3d 195 (Tenn. 2000). In Flemming, a number of men, including the defendant, chased and beat the victim until he fell to the ground. Id. at 196. After the victim fell, the men continued beating him and kicking him and took money and property from him. Id. There was testimony that the defendant reached into the victim's pockets during the beating, but he

apparently took no property from the victim.  <u>Id.</u>  The jury convicted the defendant of especially aggravated robbery.  <u>Id.</u>  This Court reversed, holding that the trial court erred in failing to submit to the jury an instruction on the lesser-included offense of facilitation.  <u>Id.</u> at 199-200.  We held the evidence supported the instruction because "a jury could reasonably have concluded that, while Flemming participated substantially by kicking and beating the victim, he did not intend to promote, assist, or benefit from the offense, because he took no property from the victim."  <u>Id.</u>[1]

In my view, however, the <u>Flemming</u> analysis embraced by the majority involves a sterile interpretation that produces unrealistic results when applied to real-world criminal conduct such as Tennessee courts routinely face.  In accepting the "statutory elements" analysis of <u>Flemming</u>, one must turn a blind eye to the realities of the case: legal niceties aside, any reasonable observer would conclude that Flemming's acts of beating the victim and reaching into his pockets evidenced participation in the robbery as a principal offender, and it seems contrary to common sense, in my view, to suggest that a person could commit such acts and yet somehow lack any intent to promote, assist, or benefit from the proceeds of the crime that indisputably took place.[2]  I reach a similar conclusion when I review the facts evident from the record in this case:  if Allen is to be found guilty, it should be as a principal offender, not a facilitator.  In short, the majority holding will give aiders and abettors of robbery the benefit of a lesser-included offense instruction that they do not deserve.  If the result reached by the majority is driven by adherence to <u>Flemming</u>, I would overrule that case[3] so as to reach a just and realistic result from now on.  Consequently, I respectfully dissent.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[1] Significantly, our holding on this matter in <u>Flemming</u> was mere dicta.  In a separate part of the opinion, we held that the evidence did not support a conviction for especially aggravated robbery because the fists and feet used to beat the victim could not, as a matter of law, be deemed deadly weapons.  <u>Flemming</u>, 19 S.W.3d at 197-98.  We remanded the cause for a new trial on this ground, so our discussion of the lesser-included offense instruction did not affect our resolution of the case.  <u>See</u> id. at 200.

[2] The majority responds by reiterating that we must view the evidence in the light most favorable to the existence of the lesser-included offense.  In my view, however, this admittedly generous standard of review is not so expansive that we must give credence even to *unreasonable* hypotheses concerning how the crime "might have" taken place.

[3] I concurred in the <u>Flemming</u> opinion.  I am, obviously, no longer of that view.